FILED: 10/20/2015

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EAGLE VISTA EQUITIES, LLC,

Plaintiff,

v.

CECILIA TORRES, et al.,

Defendants.

**Case No. CV 15-08024 PSG (RAOx)**

**~~[PROPOSED]~~ ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

## I.

## FACTUAL BACKGROUND

Plaintiff Eagle Vista Equities, LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Cecilia Torres and Does 1 to 10 ("Defendants") on July 22, 2015. Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1. Defendants are allegedly holdover tenants of real property located in Los Angeles, California ("the property"). Compl. at ¶¶ 4-5, 8, 17. Plaintiff acquired ownership of and title to the property following a foreclosure sale. *Id.* at ¶¶ 4-5.

On July 17, 2015, Plaintiff served on Defendant Cecilia Torres a written notice to demanding that defendants quit and deliver up the property, pursuant to California Code of Civil Procedure § 1166a *et seq*. *Id.* at ¶ 12. Plaintiff alleges that

defendants have failed and refused to surrender possession of the property. *Id*. at ¶ 13. Plaintiff seeks restitution and possession of the property, monetary damages, and costs. *Id.* at 3.

Defendant Cecilia Torres and Defendant Richard J. Gallardo filed a Notice of Removal on October 13, 2015, invoking the Court's federal question jurisdiction. Removal at 2. The same day, Defendant Gallardo filed a Request to Proceed In Forma Pauperis. Dkt. No. 2.

**II.**

**DISCUSSION**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, the Court's review of the Notice of Removal and the attached Complaint makes clear that this Court has neither federal question nor diversity jurisdiction over the instant matter. Plaintiff could not have brought this action in federal court, in that Plaintiff does not allege facts supplying either federal question

or diversity jurisdiction, and therefore removal was improper. *See* 28 U.S.C. 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no federal question apparent on the face of Plaintiff's complaint, which alleges only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

There is no merit to Defendants' apparent contention that federal question jurisdiction exists because defenses to the unlawful detainer action are based on alleged violations of the Federal Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, and the Truth in Lending Act. Removal at 2. It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430. Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

Second, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354,

81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff explicitly limited its demand for damages to no more than $10,000. (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

**III.**

**CONCLUSION**

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed In Forma Pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: 10/20/2015

PHILIP S. GUTIERREZ

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

Rozella A. Oliver

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE